IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 17-cv-20717

| | |
|---|---|
| DOUGLAS LONGHINI, individually, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff DOUGLAS LONGHINI ("**Plaintiff**"), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a ("**ADA**") and the Americans with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 ("**ADAAG**"), hereby sues Defendant BANK OF AMERICA CORPORATION ("**Defendant Bank of America Building**") for injunctive relief and states:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

## PARTIES

3. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of Miami-Dade County, Florida.

4. Plaintiff is a qualified individual under the ADA because he is a disabled individual who has a physical impairment that substantially limits one or more major life activities.

5. Specifically, Plaintiff has a physical impairment that requires him to use a wheelchair to ambulate.

6. Defendant Bank of America Building is a Foreign Profit Corporation authorized to and doing business in Miami-Dade County, Florida.

7. Defendant Bank of America Building is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 900 West 49th Street, Hialeah, Florida 33012, Folio No.: 04-3001-020-0030 (the "**Subject Premises**" or "**Facilities**" or **"Office Building"**).

## GENERAL ALLEGATIONS

8. The Subject Premises is a place of public accommodation under the ADA and ADAAG because it is an office building.

9. As a place of public accommodation, Defendant was required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

10. Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

11. Accordingly, Defendant was required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

12. Plaintiff has knowledge that the Subject Premises is in violation of the ADA and discriminating against individuals with disabilities.

13. In or about 2017, Plaintiff visited the Subject Premises to conduct business—i.e., visit offices in the building —and encountered architectural barriers to access the Subject Premises.

14. Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendant; however, he was subjected to discrimination by Defendant on the basis of his disability due to Defendant's ADA violations.

15. Plaintiff was not able to access, among other things, the parking lot, entrance and path of travel, and public restrooms at the Subject Premises without encountering architectural barriers.

16. Plaintiff intends to return to the Subject Premises once the barriers violating the ADA are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Subject Premises and therefore cannot provide an exact date he will return the Subject Premises.

17. Plaintiff will be denied full access to the Subject Premises, as provided by the ADA, unless the injunctive relief requested herein is granted.

18. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendant if said violations are not corrected and made compliant.

19. Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

20. Plaintiff intends to visit the Subject Premises again, not only to visit offices in the building, but to assure himself that the Subject Premises is in compliance with the ADA and thus ensuring that individuals with disabilities, including himself, will have full and equal enjoyment of the property without fear of discrimination.

21. Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendant's violations of and non-compliance with the ADA because he intends on returning to the Subject Premises in the near future.

22. Defendant has discriminated and continues to discriminate against Plaintiff by denying him access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

23. Defendant is in violation of the ADA and ADAAG and is discriminating against Plaintiff as a result of the following violations:

## **DEFENDANT BANK OF AMERICA BUILDING**

### **Parking**

a. The required number of van accessible spaces are not provided and/or signage is not provided in violation of Section 4.1.2 of the ADAAG, whose resolution is readily achievable

b. The Plaintiff had difficulty exiting the vehicle as the required access aisle is not provided for all disabled use spaces. Violation: There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG, whose resolution is readily achievable.

c. Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG, whose resolution is readily achievable.

**Entrance Access and Path of Travel**

d. The Plaintiff had difficulty traversing the path of travel as there are non-compliant slopes present. Violation: The path of travel contains excessive slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

e. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG, whose resolution is readily achievable.

f. The Plaintiff had difficulty using some of the curb ramps as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG and Sections 406.1 and 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

g. There are curb ramps at the facility that contain excessive flared side slopes in violation of Section 4.7.5 of the ADAAG, whose resolution is readily achievable

h. The Plaintiff had difficulty using ramps with excessive slopes. Violation: There are ramps at the facility that contain excessive slopes in violation of Section 4.8.2 of the ADAAG, whose resolution is readily achievable.

i. There are ramps at the facility that contain excessive cross slopes in violation of Section 4.8.6 of the ADAAG, whose resolution is readily achievable.

j. There are ramps at the facility that do not have compliant level landings in violation of Section 4.8.4 of the ADAAG, whose resolution is readily achievable.

k. The Plaintiff had difficulty traversing the path of travel as it was not continuous and accessible. Violation: There are no accessible routes from the public sidewalks, bus stops and between the buildings.  These are violations of the requirements in Section 4.3.2 of the ADAAG and Section 206.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

l. The ramps do not provide edge protection as prescribed in Section 4.8.7 of the ADAAG, whose resolution is readily achievable.

m.  There is no means of emergency egress or area of rescue assistance. This violates the requirements of Section 4.3.11 of the ADAAG, whose resolution is readily achievable whose resolution is readily achievable.

n.  The doors at several of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG, whose resolution is readily achievable.

o.  The Plaintiff could not enter the restroom without assistance as the door width was too narrow. The clear width at doors to the facility are less than the prescribed minimums, in violation of Section 4.13.5 of the ADAAG and Section 404.2.3 of the 2010 ADA Standards, whose resolution is readily achievable..

p.  The Plaintiff could not enter several of the doors without assistance as the required maneuvering clearance was not provided. Violation: The maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.6 and Figure 25 of the ADAAG, and Section 404.2.4.1 and table 404.2.4.1 whose resolution is readily achievable.

q.  The Plaintiff had difficulty opening the door as the door pressure to operate the door was excessive. Violation: There are interior doors at several of the building with excessive force required for opening at the facility, in violation of Section 4.13.11 of the ADAAG and Section 404.2.9 of the 2010 ADA Standards., whose resolution is readily achievable.

r.  There are stairs provided at the facility that do not comply with the standards prescribed in Sections 4.9 and 4.26 of the ADAAG and Sections 504.6 and 505 of the 2010 ADA Standards, whose resolution is readily achievable.

s.  There are no proper handrails provided for the ramps and stairs at the facility, violating ADAAG Sections 4.8 and 4.9, whose resolution is readily achievable.

### Access to Goods and Services

t.  There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

u.  The Plaintiff could not use the water fountain as there were items obstructing the clear floor space to access. Violation: There is insufficient clear floor space to access goods or services at the facility, in violation of Section 4.2.4.1 of the ADAAG, whose resolution is readily achievable.

v. The Plaintiff could not use some of the counters as they are mounted too high. Violation: There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG and Sections 227.3 and 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

w. The water fountain(s) in the facility do not meet the minimum clear floor space required to allow a person in a wheelchair to approach the unit in violation of Section 4.15.5 of the ADAAG, whose resolution is readily achievable.

x. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG and the 2010 ADA Standards.

y. The water fountain(s) in the facility do not meet the prescribed height and/or knee clearance requirements for use by disabled patrons in violation of Section 4.15 of the ADAAG, whose resolution is readily achievable.

z. The communication system at the main entry door is beyond reach of disabled patrons in violation of the ADAAG.

## Public Restrooms

aa. The Plaintiff could not enter the restroom without assistance as the required door hardware is not provided. Violation: The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG and Sections 404.2.7 and 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

bb. The Plaintiff could not enter the restroom as the required width and maneuvering clearance was not provided. Violation: The restroom does not provide the required latch side clearance violating Sections 4.13.6 and Figure 25 of the ADAAG, and Section 404.2.4.1 and table 404.2.4.1 whose resolution is readily achievable.

cc. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG and Sections 703.4.1 and 703.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

dd. Some of the restrooms do not provide the required amenities for public use violating the provisions of the ADAAG, whose resolution is readily achievable.

24. The discriminatory violations described herein may not be an exclusive list of Defendant's ADA violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

25. By encountering the discriminatory conditions at Defendant's facilities, and knowing that it would be a futile gesture to return unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

26. By maintaining a place of public accommodation with ADA violations, Defendant deprives Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

27. Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

28. Plaintiff demands a non-jury trial on all issues to be tried herein.

## COUNT
## CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant for ADA Violations)

29. Plaintiff re-avers and incorporates paragraphs 1–28 as if fully set forth herein.

30. This action arises pursuant to the ADA.

31. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Facilities, and has otherwise been discriminated against and damaged by Defendant because of the Subject Premises' existing ADA violations.

32. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

33. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the office building.

34. By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

35. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff DOUGLAS LONGHINI respectfully requests this Court issue a permanent injunction enjoining Defendant BANK OF AMERICA CORPORATION from continuing its discriminatory practices, ordering Defendant to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendant to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 23rd day of February, 2017.

                            Respectfully submitted,

By:    <u>s/ Rafael Viego III</u>
        Rafael Viego III, Esq.
        Florida Bar No. 60967
        Mario E. Lopez, Esq.
        Florida Bar No. 980691
        Eric Matthew Rodriguez, Esq.
        Florida Bar. No. 0123057
        **FEDERAL DISABILITY ADVOCATES**
        *Attorneys for Plaintiff*
        4300 Biscayne Boulevard, Suite 305
        Miami, Florida 33137
        Telephone:    (305) 717-7530
        Facsimile:     (305) 717-7539
        E-mail: rviego@jltrial.com
        E-mail: mlopez@jltrial.com
        E-mail: erodriguez@jltrial.com
        E-mail:eservice@jltrial.com

MEL/RV/lp
0006.059